# IN THE
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| SHERRY MEYER,<br>　　　Plaintiff,<br><br>v.<br><br>GROUP LONG TERM DISABILITY<br>PLAN FOR EMPLOYEES OF EDWARD<br>D. JONES & CO., L.P. and HARTFORD<br>LIFE AND ACCIENTAL INSURANCE<br>COMPANY,<br>　　　Defendant. | Case No. 1:16-cv-01282-JES-JEH |

## ORDER

Now before the Court is the Defendants' Motion to Dismiss for Failure to State a Claim. (D. 14).[1] The Defendants have filed a Memorandum in Support of their Motion (D. 15) as well as a Reply (D. 18) in the wake of the Plaintiff's Response (D. 16). For the reasons set forth below, the Defendants' Motion is DENIED.[2]

### BACKGROUND

The Plaintiff, Sherry Meyer, filed her Complaint in this case on July 27, 2016. (D. 1). She brings her claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). The Plaintiff was employed by Edward Jones & Co. L.P. ("Jones"). Defendant Hartford Life and Accidental Insurance Company ("Hartford") insured an employee welfare benefit plan ("the Plan") sponsored by Jones under ERISA. If a Jones employee became disabled while insured by the Plan, the Plan provided coverage for long-term disability benefits

---

[1] Citations to the Docket in this case are abbreviated as "D. ___."
[2] The Court notes that the Defendants' Motion has been ripe since November 2, 2016 when they filed their Reply. The Court apologizes for any delay it has caused in resolving this matter more promptly.

to eligible participants and beneficiaries. To qualify, employees must be disabled for ninety continuous days, continue to have a disability after ninety days, and submit a proof of loss to Hartford. The Plaintiff was a participant in the Plan. She also had insurance under the Plan and was able to decide all eligibility and benefits questions.

The Plaintiff worked full-time for Jones until November 1, 2013, when she submitted a long term disability benefit claim for her condition of major depressive disorder. Hartford approved her claim solely on the grounds of her depressive disorder. Around March 2015, the Plaintiff's treating physician notified Hartford that the Plaintiff was released to return to work full-time, with no restrictions. Hartford terminated her benefits because her health condition was no longer functionally impairing according to her treating physician. Hartford told her that in order for her to be considered for benefits, she had to demonstrate that she had a physical condition preventing her from performing her occupational duties. Hartford explained that long term disability benefits were denied because it had a lack of medical information regarding a physical condition. Hartford offered Meyer two options: 1) she could perfect her claim by providing the necessary information, or 2) if she disagreed with their determination, she could appeal it without providing the requested information. Hartford listed the necessary information that the Plaintiff was required to provide.

In her Complaint, the Plaintiff claims that she suffers from cervicobrachial syndrome, fibromyalgia, chronic fatigue syndrome, neuritis, widespread pain, sleep disturbance, and fatigue. She claims her conditions continue to prevent her from completing all of her job duties, including lifting and working more than 28 hours per week. The Plaintiff asserts that she provided Hartford with notice on April 6, 2015 that she was disabled, as defined by the Plan.

On May 7, 2015, Hartford notified the Plaintiff that after a review, she was determined to be not disabled. The Plaintiff was given the option of submitting an appeal of the decision to the Hartford Appeal Unit. On June 2, 2015, the Plaintiff sent medical records and claim forms from two doctors to the Appeal Unit. On August 11, 2015, Hartford denied her benefits. The Plaintiff claims that she exhausted all administrative remedies available to her under the Plan and, pursuant to Section 502(a) of ERISA, she is entitled to bring this action.

The Defendants now move to dismiss the Plaintiff's Complaint. They argue that the Plaintiff's June 2 letter cannot be characterized as an appeal. As such, the Defendants assert that the Plaintiff did not follow the Plan's appeal procedure, did not exhaust her administrative remedies as required under ERISA, and did not appeal Hartford's disability determination within 180 days. The Defendants further contend that the Plaintiff does not sufficiently plead exhaustion of administrative remedies or plead that she appealed Hartford's claim determination. Therefore, the Defendants assert, the Plaintiff's Complaint should be dismissed with prejudice.

## LEGAL STANDARD

In reviewing the Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the Plaintiff's factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Allegations stated in the form of legal conclusions, however, are insufficient to survive a motion to dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). A complaint must contain a short and plain statement of the plaintiff's claim, sufficient to show entitlement to relief and to notify the defendants of the allegations against them. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). This standard is met if the plaintiff describes in sufficient factual detail enough to suggest a right to

relief beyond a speculative level.  *Id.; Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Srvs.*, 496 F.3d 773, 776 (7th Cir. 2007).

More specifically, a complaint must go beyond "mere labels and conclusions" to contain "enough to raise the right to relief above the speculative level." *G&S Holdings, LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 537-38 (7th Cir. 2012).  In short, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.  In other words, the court will ask itself *could* these things have happened, not *did* they happen."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

## ANALYSIS

The Defendants argue that the Plaintiff failed to exhaust her administrative remedies under ERISA.  Specifically, they claim that the Plaintiff's failure to follow the applicable claims procedures and exhaust administrative remedies cannot be cured because the Plan's 180 day deadline for appealing a claim denial passed before the Plaintiff filed her Complaint.  Hartford alleges it told the Plaintiff: "[i]f you wish to perfect your claim, please submit the required information to [Penny Mccormick's] attention."  (D. 15 at pg. 3).  Hartford also informed the Plaintiff: "you may submit an appeal of our decision to the Appeal Unit" if she was unable or did not wish to provide that information.  *Id.*  According to the Defendants, the Plaintiff did not submit an appeal or allege that she submitted an appeal.  Rather, on June 2, 2015, the Plaintiff sent a handwritten cover letter to the attention of Mccormick, stating the following:

> Hi—Enclosed are my medical records and claim forms from two doctors. Please advise regarding my disability income asap. EDJ [Employer] still has me on part-time, irregular schedule[*sic*.] leave of absence. My rheumatologist only wants me to work 28 or less hours a week.

*Id*. at pg. 4.

The Defendants state that Mccormick completed the original claim review and in an August 11, 2015 letter, informed the Plaintiff that her claim was denied and that she had a right to appeal. The letter also informed the Plaintiff that her appeal must be submitted within 180 days from the receipt of the denial letter and advised that she could bring a civil action under Section 502(a) of ERISA if she appeals and Hartford again denies her claim. *Id.*

The Defendants also allege that the Plan lays out the requisite claim procedures, including an explanation that a claimant must exhaust administrative remedies once a claim is denied. *Id.* According to the Defendants, the Plaintiff's Complaint does not allege that she requested an appeal of her claim or that it was within the 180-day appeal deadline. The Defendants argue that the Plaintiff did not specifically request an appeal in her June 2, 2015 letter, which indicated that she was submitting additional proof of loss, not an appeal. *Id.* at 8. If it had been an appeal, Hartford argues, someone other than Mccormick would have reviewed the Plaintiff's claim. Also, if considered an appeal, the submission would have been directed to be filed with the appeal department.

In making their argument, the Defendants acknowledge that the Plaintiff used the appeal unit's address, but point out that her letter was addressed to Mccormick, following the instructions for perfecting her claim, rather than following the instructions for an appeal. Further, they highlight that nothing in her June 2, 2015 letter stated that she disagreed with the May 7, 2015 letter and that the Plaintiff did not request a review or give notice that she disagreed with the May 7, 2015 letter or the August 11, 2015 letter. The Defendants emphasize that the Plaintiff's sole argument is that she used the P.O. Box address for the appeals unit, and thus, the submission is an appeal. They maintain that "a communication to a claims administrator does

not constitute an appeal if it does not clearly request an appeal of a claim decision." (D. 18 at pg. 4).

The Plaintiff argues that she exhausted her administrative remedies prior to the commencement of this suit. (D. 16 at pg. 3, citing Ex. A of her Complaint). She points to the Plan's claims procedures that state "as part of your appeal . . . you may submit written comments, documents, records and other information relating to your claim." *Id.* The Plaintiff contends that her June 2nd letter was an appeal of Hartford's May 7th adverse benefit determination, as she mailed her June 2, 2015 letter and records to the address that Hartford's May 7, 2015 benefits determination instructed her to do. *Id.* at 4-5. She construes the second adverse benefit determination on August 11, 2015 to be in response to her June 2 appeal.

The Plan allows Hartford to request further proof before it makes a benefit determination, but only allows Hartford to consider appeals after the adverse benefit determination. (D. 1 at pp. 32-33). The May 7th letter gave the Plaintiff the option to provide further proof of loss *or* simply submit an appeal of its determination. *Id.* at pp. 45-49. Therefore, the Plaintiff argues, this provided her with two avenues for appeal and she exhausted her administrative remedies. Alternatively, even if Hartford failed to follow the Plan's claims procedures, she argues she should be deemed to have exhausted her administrative remedies because Hartford failed to follow the Plan's claims procedures. (D. 16 at pg. 9).

The Defendants respond to the contention that Harford did not follow the Plan's claim and appeals procedures by explaining that if the Plaintiff submitted additional evidence to perfect her claim, the May 7th letter would not be considered an adverse benefit decision and the claim review would be extended. (D. 18 at pg. 4). They argue that this is consistent with the Plan. *Id.*

6

The Defendants cite to several decisions in support of their argument. These cases, however, are distinguishable from the case at bar.

For example, in *Orr*—one of the cases cited by the Defendants—the family of a deceased policy holder was denied benefits because an exclusion applied to the benefits. *Orr v. Assurant Employee Benefits*, 786 F.3d 596 (7th Cir. 2015). Specifically, any death resulting directly or indirectly from intoxication fell under the exclusion. The Orrs sent two letters to the insurance company that denied the benefits. They did not, however, follow the steps as provided in the policy. The policy set forth a two level review. The court ultimately granted summary judgment against the Orrs because they failed to exhaust their administrative remedies and the Seventh Circuit affirmed. *Id.* at 601.

The Orrs argued that the insurance company attempted to layer additional appeal levels into the claims review process. However, as the Seventh Circuit stated, the Orrs represented that they had more documentation to send in support of their second appeal. *Id.* at 602. Instead of finishing the second level of review, the Orrs filed suit. Accordingly, they failed to exhaust the proper administrative remedies before filing suit. In the case presently before the Court, there is not yet any clear indication that the Plaintiff failed to exhaust administrative remedies as required.

For purposes of a motion to dismiss, complaints are construed in the light most favorable to the plaintiff, well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 100 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

7

Viewing the Complaint in a light most favorable to the Plaintiff, the Plaintiff has sufficiently alleged that her June 2, 2015 letter to Hartford constituted an appeal.  Here, the plaintiff actually sent documentation requested by Hartford as "necessary for a determination of [Meyer's] claim[.]"  (D. 16 at pg. 6, citing exhibits from her Complaint).  Further, she mailed the June 2 letter to the correct P.O. Box for the appeals department.  Meanwhile, Hartford provided two avenues, *i.e.* told the Plaintiff to provide additional information for Hartford to consider an appeal or simply rely on information provided prior to Hartford's adverse benefits determination.  The Plaintiff responded to Hartford's instructions.  Her response was, arguably, an attempt at appealing Hartford's determination of her disability.  As the Plaintiff points out, the Plan stated that the policy holder could also "submit written comments, documents, records and other information relating to your claim."  (D. 16 at pg. 8, citing Ex. A of her Complaint).  These policy provisions, coupled with the Plaintiff's response, sent to the proper address for appeals, allows the Complaint to survive the Defendants' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss for Failure to State a Claim (D. 14) is DENIED.

*It is so ordered.*

Entered on October 10, 2017

    _s/James E. Shadid_____
James E. Shadid
Chief United States District Judge