IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SHERRY MEYER,<br>    Plaintiff,<br><br>v.<br><br>GROUP LONG TERM DISABILITY<br>PLAN FOR EMPLOYEES OF EDWARD<br>D. JONES & CO., L.P. and HARTFORD<br>LIFE AND ACCIDENTAL INSURANCE<br>COMPANY,<br>    Defendants. | Case No. 1:16-cv-01282-JES-JEH |

## ORDER

    Now before the Court are the Plaintiff, Sherry Meyer's, Memorandum in Support of the Application of a *De Novo* Standard of Review (D. 24) ,[1] the Defendants, Group Long Term Disability Plan for Employees of Edward D. Jones & Co., L.P.'s ("the Plan") and Hartford Life and Accidental Insurance Company's ("Hartford"), Response in Opposition (D. 25), and the Plaintiff's Reply (D. 26). For the reasons set forth below, the Plaintiff's Memorandum is DENIED. The Court will apply an arbitrary and capricious standard in reviewing Hartford's denial of the Plaintiff's benefits.

    The Plaintiff filed the instant action to obtain benefits which she alleges were wrongfully denied to her in violation of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. 1001, *et seq* ("ERISA"). (D. 1). She asserts that the Court should review her claim *de novo* (D. 24 at pp. 4-6), while the Defendants argue it should be reviewed under a more deferential, arbitrary and capricious standard. (D. 25 at pp. 3-15). Central to their disagreement

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

is whether or not the policy at issue is subject to an Illinois regulation prohibiting discretionary clauses in insurance policies offered or issued in Illinois—50 Ill. Adm. Code 2001.3. The answer to that question, in turn, determines the applicable standard of review.

Under ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B), a denial of benefits challenge is reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority. *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 115 (1989). If the plan provides that an administrator has discretionary authority to determine eligibility for benefits, the Court must review the denial of benefits under the arbitrary and capricious standard. *Mote v. Aetna Life Ins. Co.*, 502 F. 3d 601, 606 (7th Cir. 2007); *Hackett v. Xerox Corp.*, 315 F. 3d 771, 773 (7th Cir. 2003). Here, the policy at issue grants Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." (D. 23-12 at pg. 24); see also *Id*. at pp. 14, 26. Section 2001.3, however, provides that:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3; 29 Ill. Reg. 10172. Accordingly, the Court must determine whether § 2001.3 applies, rendering the discretionary clauses of the policy unenforceable.

The underlying facts in this case are undisputed. The Plaintiff participated in the Plan, an employee benefit welfare plan sponsored by her employer, Edward D. Jones & Co., L.P. ("Edward Jones"). The Plan provided her with long-term disability benefits upon being deemed disabled. The Plaintiff was a resident of Illinois at all relevant times. Hartford issued an insurance policy to fund the Plan. Edward Jones was the policyholder. (D. 23-12 at pg. 1). The

2

Plaintiff was insured under the policy and in a certificate of insurance she was provided, the terms "You" and "Your" were defined as "the person to whom this certificate is issued." *Id*. at pg. 17. An amendment to the policy shows that Hartford delivered the policy to Edward Jones in Missouri, where it is headquartered. *Id*. at pg. 31.

The Plaintiff obtained coverage under the policy. At her request, she received an insurance rider and a certificate of insurance. (D. 23-11 at pg. 23). Hartford eventually denied a benefit claim she submitted to them. In seeking to have this Court review Hartford's decision, the Plaintiff argues that their policy is subject to § 2001.3 because it was issued to her in Illinois. (D. 24 at pp. 4-6). The Defendants assert, *inter alia*, that the Plaintiff receiving a copy of the certificate of insurance in Illinois does not qualify as issuance under § 2001.3, and therefore the Illinois regulation does not apply. (D. 25 at pp. 5-8).

In support of their position, the Defendants cite *Curtis v. Hartford Life and Acc. Ins. Co.*, 2012 WL 138608 (N.D. Ill. 2012), claiming that where the policyholder resides determines where the policy was issued for purposes of § 2001.3. *Id*. at pp. 6-7. They further cite *Nasalroad v. Standard Ins. Co.*, 182 F. Supp. 3d 879 (S.D. Ill. 2016), which relied on *Curtis*, in support of their argument. *Id*. at pg. 7.

The plaintiff in *Curtis*—a resident of Illinois—sought to recover long-term disability benefits under an employee benefit welfare plan issued to her employer—Children's Memorial Hospital, an Illinois entity—and argued that § 2001.3 banned the policy's discretionary clause. *Curtis*, 2012 WL 138608, at *2. While both parties hailed from Illinois, the matter was complicated by the fact that Children's Hospital became a participating member of a Delaware trust and the insurance company later delivered an amended policy to the trust in Delaware, naming the trust as the policyholder. *Id*. at *6-7. The Court found, however, that the policy was

3

still offered in Illinois because Children's Hospital negotiated it from Illinois, the policy applied only to Children's Hospital employees working in Illinois, and Children's Hospital paid the premiums. *Id*. at *6-8. Accordingly, the court applied the *de novo* standard of review. *Id*. at *8. In *Nasalroad*, the court found that a Delaware corporation with its principal place of business in Pennsylvania did not offer or issue a policy in Illinois within the meaning of § 2001.3 because "all negotiating and decision-making regarding" the policy "occurred outside the State of Illinois." *Nasalroad*, 182 F. Supp. 3d at 881. Accordingly, the court applied an arbitrary and capricious standard of review. *Id*. This Court finds *Curtis* and *Nasalroad* persuasive.

Much like the policy in *Nasalroad*, the policy at issue here was issued outside of Illinois for purposes of § 2001.3. Edward Jones is headquartered in Missouri. Hartford issued the policy to it there. While the Plaintiff retained some benefits as an insured, as the policyholder, Edward Jones is the insured for § 2001.3 purposes. There is nothing in the record before the Court suggesting that any of the negotiations or policy decisions regarding the policy at issue occurred in Illinois. The policy was delivered to the named policyholder outside of Illinois and Edward Jones paid all of the premiums for the policy from Missouri. (D. 25-1 at pp. 3-4). Given these undisputed facts, Hartford's policy was not "offered or issued" in the State of Illinois and § 2001.3 is not applicable.

Based on the foregoing, the Plaintiff's Memorandum in Support of the Application of a *De Novo* Standard of Review (D. 24) is DENIED. The Court will review Hartford's decision to deny the Plaintiff's disability benefits under an arbitrary and capricious standard.

*It is so ordered.*

Entered on June 28, 2018

       _s/ James E. Shadid_
       James E. Shadid
       Chief United States District Judge